```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

HUNTER SUPPLE,

      Plaintiff,

v.                                    Case No. 8:24-cv-2508-VMC-CPT

ROYAL PETS MARKET & RESORT
MIDTOWN, LLC, ET. AL.,

      Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiff Hunter Supple's Motion for Final Judgment After Default as to Defendants Royal Pets Market & Resort Midtown, LLC and Denise Wolin (Doc. # 24), filed on February 10, 2025. For the reasons set forth below, the Court grants the Motion in part and denies the Motion in part.

**I.   Background**

Mr. Supple brought this action against Royal Pets Market & Resort Midtown, LLC and Denise Wolin on October 28, 2024. (Doc. # 1). Mr. Supple seeks damages under the Fair Labor Standards Act ("FLSA") for minimum wages and overtime wages and, under Florida common law and statutory law, for unpaid wages and breach of contract.

1

Mr. Supple served both Defendants on December 18, 2024, with Defendants' responses due on January 8, 2025. (Doc. ## 17, 18). Defendants failed to answer or otherwise respond to the complaint. On January 15, 2025, Mr. Supple filed a motion for Clerk's default against both Defendants. (Doc. # 21). The Clerk entered default against both Defendants on January 16, 2025. (Doc. ## 22, 23).

Mr. Supple now moves for entry of default judgment in the amount of $12,215.28 in damages, $2,730.00 in attorneys' fees, and $785.10 in costs. (Doc. # 24 at 2). Mr. Supple has established the following facts due to the complaint's well-pled factual allegations, the entry of the Clerk's default, and exhibits attached to its Motion.

Mr. Supple was employed to work as a store manager for Defendants between 2021 to March 26, 2024. (Doc. # 1 at 3-4). On behalf of Defendants, Mr. Supple performed non-exempt, customer service, and administrative duties. (Id.). He received a yearly salary of $55,000. (Doc. # 24-2 at 1). On or about March 24, 2024, Mr. Supple received a letter from Plaintiffs indicating that he was being laid off, effective March 26, 2024, and would receive his final paycheck, including unused vacation or sick leave, on April 22, 2024. (Doc. # 1 at 3-4).

2

However, Mr. Supple never received payment for 168 hours of work. (Doc. # 24-2 at 1). He also was not paid for 63 hours of unused vacation and sick leave. (Id.). Accordingly, Mr. Supple seeks damages of $6,107.64 in unpaid wages and an equal amount in liquidated damages, as well as attorneys' fees and costs in the amount of $3,515.10. (Id.).

## II. Legal Standard

When a party fails to plead or defend against an action for affirmative relief, the Clerk must enter default against the party. Fed. R. Civ. P. 55(a). This default establishes the well-pleaded factual allegations of the plaintiff as true. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). A district court may enter a default judgment where a defendant has failed to appear or defend after being properly served under Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003). Further, the Court may only enter default judgment if the factual allegations in the pleadings provide sufficient legal basis. Nishimatsu, 515 F.2d at 1206.

In an FLSA proceeding, the employee must show sufficient evidence of damages to shift the burden of proof to the employer to then negate the damages or show evidence of the precise amount of work performed. McLaughlin v. Stineco,

3

Inc., 697 F. Supp. 436, 450 (M.D. Fla. 1988). When the employer has not produced evidence, the Court "may award approximate damages based on the employee's evidence." Id.

### III. Analysis

#### A. Liability

Defendants' default serves to admit the well-pled allegations in the complaint. Nishimatsu, 515 F.2d at 1206. Thus, Defendants admit that they employed Mr. Supple from 2021 to March 26, 2024. Defendants also admit that they agreed to pay Mr. Supple a yearly salary of $55,000.

"Unpaid wage claims under Florida common law can be based either on an employment relationship between the parties or an express contractual agreement." Dunham v. Bondio LLC, No. 6:23-cv-1486-CEM-LHP, 2025 WL 1183898, at *4 (M.D. Fla. Apr. 4, 2025), report and recommendation adopted sub nom. Dunham v. Bondio LLC, No. 6:23-cv-1486-CEM-LHP, 2025 WL 1181001 (M.D. Fla. Apr. 23, 2025). "Actions for unpaid wages are typically pled as breach of contract claims wherein the agreement in question happens to be an employment or compensation contract." Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1271 (11th Cir. 2009).

The allegations in the complaint are sufficient to establish that Defendants are liable for unpaid wages. First,

4

Mr. Supple alleges that he entered into an "employment contract with Defendants, i.e., agreement to work for wages." (Doc. # 1 at 5-6). Second, he alleges that Defendants breached the contract by "fail[ing] and refus[ing] to make payment." (Id.). Thus, the Court finds that Mr. Supple is entitled to default judgment as to Defendants' liability for the Florida unpaid wages and breach of contract claims. See Dunham, 2025 WL 1183898, at *5 ("Plaintiff pleads that he was employed by Defendants . . . , that Defendants agreed to pay Plaintiff $60 per hour . . . , that Plaintiff performed such work for Defendants, and that Defendants breached the agreement in failing to pay him for all hours worked and for accrued vacation/paid time off . . . . This is sufficient to state a claim for unpaid wages under Florida common law."); Cloer v. Green Mountain Specialties Corp, No. 6:18-cv-999-PGB-LHP, 2019 WL 13063434, at *6 (M.D. Fla. Oct. 2, 2019) ("Here, each Plaintiff alleges and avers that he was employed by Defendant, and that Defendant agreed to pay him a certain hourly rate during his employment. Plaintiffs allege that Defendant breached such agreement by failing to compensate them for all hours worked. These allegations are sufficient to state a claim for unpaid wages under Florida law."), report and recommendation adopted sub nom. Cloer v. Green Mountain

5

Specialties Corp, No. 6:18-cv-999-PBG-LHP, 2019 WL 13063428 (M.D. Fla. Oct. 17, 2019).

As to Mr. Supple's FLSA minimum wages claim, the FLSA requires employers to pay employees at least minimum wage for every hour worked in a pay period. 29 U.S.C. § 215(a)(2). "A plaintiff claiming unpaid wages under the FLSA must demonstrate the following: (1) the defendant employed the plaintiff; (2) the plaintiff engaged in interstate commerce or that the defendant is an enterprise engaged in interstate commerce; and (3) the defendant failed to pay the plaintiff a minimum wage or overtime compensation." Thompson v. Healthy Home Envtl., LLC, No. 8:15-cv-2905-JDW-JSS, 2016 WL 4472991, at *2 (M.D. Fla. July 27, 2016) (citing Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)), report and recommendation adopted, No. 8:15-cv-2905-JDW-JSS, 2016 WL 4473162 (M.D. Fla. Aug. 23, 2016).

The allegations in the complaint are sufficient to demonstrate that Mr. Supple has established each FLSA minimum wages element. First, he alleges that he was employed by Defendants to perform non-exempt work. (Doc. # 1 at 3-4). Second, he alleges that Defendants are enterprises involved in interstate commerce. (Id. at 3); see also 29 U.S.C. § 203(s)(1)(A)(i-ii). Third, he alleges that Defendants failed

6

to pay him minimum wage and overtime wages for the relevant period. (Doc. # 1 at 3-4; 6-7).

However, the Court finds that Defendants are not liable for Mr. Supple's FLSA overtime wages claim. As Mr. Supple worked as a store manager on a salaried basis, he is exempted from the FLSA's overtime pay requirements. See Evans v. McClain of Georgia, Inc., 131 F.3d 957, 965 (11th Cir. 1997) ("The FLSA exempts from its overtime pay requirements 'any employee employed in a bona fide executive, administrative, or professional capacity' who receives payment on a salary basis." (quoting 29 U.S.C. § 213(a)(1)). Regardless, Mr. Supple has failed to provide any evidence regarding how many overtime hours he worked. Indeed, his affidavit does not address overtime hours whatsoever. See (Doc. # 24-2). Thus, even if Defendants were liable for the overtime wages claim, the Court would be unable to award Mr. Supple any damages. See Wallace v. Kiwi Group, Inc., 247 F.R.D. 679, 682 (M.D. Fla. 2008) (finding that when an employer defaults, a plaintiff must still "produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference").

### B. Damages

Under Rule 55(b)(2), the district court is typically required to hold an evidentiary hearing to determine the damages in a default award, unless the damages claimed are a liquidated sum or capable of mathematical calculation. S.E.C. v. Smyth, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005) (citing Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543 (11th Cir.1985)). When the employer has not shown an accurate and adequate record, the employee must provide sufficient evidence of the performance, amount, and extent of work improperly compensated "as a matter of just and reasonable inference" to satisfy the burden of proof and be awarded damages. Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1375 (11th Cir. 1999).

#### i. Damages for state law claims

Here, Defendants have failed to produce records, and the Court finds that Mr. Supple's declaration is sufficient evidence to show he worked 168 hours for which he was never paid, and 63 hours of unused vacation/sick leave for which he was never paid. See Wallace, 247 F.R.D. at 680 (finding that when an employer defaults, a plaintiff's affidavit constitutes sufficient evidence to show the amount and extent of work performed for the purpose of calculating damages).

8

Mr. Supple was a salaried employee, receiving $55,000 a year. He is entitled to receive $6,107.64 in damages which represents his pro rata compensation for 168 hours of unpaid work and 63 hours of unused vacation/sick leave.

### ii. Damages for FLSA minimum wages claim

As to his unpaid minimum wages, the Court can rely upon his allegation that he was not paid for 231 hours to determine his unpaid minimum wages. The federal minimum wage for the relevant period was $7.25 per hour. Thus, Mr. Supple is entitled to damages in the amount of $1,674.75 (231 hours multiplied by $7.25 per hour) in unpaid minimum wages under 29 U.S.C. § 206. However, a plaintiff is entitled to the greater amount of damages when both unpaid wages and unpaid minimum wage claims are made. McMahon-Renz v. Promark Data and Media Group, LLC, No. 9:10-cv-81547-WPD, 2011 WL 13319610, at *1 (S.D. Fla. Aug. 31, 2011), report and recommendation adopted sub nom. McMahon-Renz v. Promark Data and Media Group, LLC, No. 9:10-cv-81547-WPD, 2011 WL 13319093 (S.D. Fla. Sept. 22, 2011). As his potential recovery for his state law claim for unpaid wages is larger than his potential recovery on his FLSA unpaid minimum wages claim, he may only recover for his state law claims.

### iii. Liquidated damages

Mr. Supple argues that he is entitled to receive liquidated damages based on his unpaid wages claim under Florida law. (Doc. # 24-2 at 1-2). The Court disagrees. Mr. Supple has provided no justification for this claim, and indeed, the Court finds that he may not recover any liquidated damages based on unpaid wages. See Cloer, 2019 WL 13063434, at *8 (not allowing Plaintiff to recover liquidated damages on his unpaid wages claim under Florida law); Copley v. Debt Advisory Grp., Inc., No. 6:10-cv-263-PCF-KRS, 2010 WL 11626625, at *2 (M.D. Fla. May 12, 2010) (following same approach).

Instead, Mr. Supple may recover liquidated damages equal to that of the damages of his potential recovery for his FLSA unpaid minimum wages claim. Cloer, 2019 WL 13063434, at *8 (awarding plaintiff his lost wages and liquidated damages under the FLSA); Copley, 2010 WL 11626625, at *2 (following same approach). His potential recovery on his FLSA unpaid minimum wages claim is $1,674.75. Thus, he is entitled to recover liquidated damages in the amount of $1,674.75.

### C. Attorneys' Fees and Costs

In addition, Mr. Supple seeks attorneys' fees in the amount of $2,730.00. In an FLSA enforcement proceeding, a

10

plaintiff may be awarded reasonable attorneys' fees. 29 U.S.C. § 216(b). A court may also award reasonable attorneys' fees and costs to prevailing parties in a suit for unpaid wages under Florida Law. Fla. Stat. § 448.08. Mr. Supple's counsel has filed an affidavit including a list of tasks performed, the attorney who performed the tasks, and the associated time to perform the tasks. (Doc. # 24-4). To determine reasonable attorneys' fees, the Court must employ the lodestar approach. Norman v. Housing Authority, 836 F.2d 1292, 1299 (11th Cir. 1988). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

Mr. Supple's counsel seeks $2,730.00 in fees comprised of 7.8 hours at $350.00 per hour. The Court finds that the number of hours that his attorney expended is reasonable. See Wallace, 247 F.R.D. at 685 (M.D. Fla. 2008) (approving 22.3 hours in a default judgment FLSA case); Hill v. Chequered Flag Auto Sales, Inc., No. 6:05-cv-1597-GKS-KRS, 2007 WL 710139, at *6 (M.D. Fla. Mar. 6, 2007) (approving 22 hours in an FLSA case).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly

rates." Norman, 836 F.2d at 1303. A fee applicant may produce direct evidence of rates charged under similar circumstances or provide opinion evidence rendered by an expert. Id. Here, Mr. Supple's counsel, Troy Longman, has failed to produce evidence that his hourly rate of $350.00 is reasonable.

Mr. Longman's affidavit references his practice of law in Florida since 2021, his specialization in labor and employment law, and his typical rate of $350 per hour. (Doc. # 24-3). This Court concludes that an hourly rate of $350 is unreasonable for an attorney practicing for less than five years. See White v. Move4All, Inc., No. 6:18-cv-2120-CEM-LRH, 2021 WL 8201499, at *3 (M.D. Fla. Nov. 10, 2021) (approving hourly rate of $345.00 for an attorney that had been practicing law for ten years), report and recommendation adopted, No. 6:18-cv-2120-CEM-LRH, 2021 WL 8201492 (M.D. Fla. Nov. 29, 2021); Feliciano v. Styrofoam Moulding Co., No. 8:20-cv-718-TPB-JSS, 2021 WL 3230683, at *7 (M.D. Fla. July 9, 2021) (lowering attorney's rate from $375 per hour to $350 per hour when he had practicing law for about fifteen years), report and recommendation adopted, No. 8:20-cv-718-TPB-JSS, 2021 WL 3209566 (M.D. Fla. July 29, 2021); Rhattigan v. Sloppy Seconds III LLC, No. 8:20-cv-2472-VMC-SPF, 2021 WL 920609, at *3 (M.D. Fla. Jan. 26, 2021) ("Taking into

consideration the skill required for these FLSA proceedings, as well as counsel's five years of experience, Mr. Castellano's billing rate should be reduced to $250 per hour."), report and recommendation adopted, No. 8:20-cv-2472-VMC-SPF, 2021 WL 568037 (M.D. Fla. Feb. 16, 2021).

Instead, the Court determines that, when accounting for inflation, an appropriate hourly rate is $275. See Rhattigan, 2021 WL 920609, at *3 (reducing hourly rate to $250 for an attorney who had been practicing law for five years); Drayton v. Avia Premier Care, LLC, No. 8:18-cv-2125-MSS-SPF, 2019 WL 2450933, at *2 (M.D. Fla. May 2, 2019)(recommending, in an FLSA case involving a default judgment, an hourly rate of $250 for an attorney with two years of experience), report and recommendation adopted, No. 8:18-cv-2125-MSS-SPF, 2019 WL 2492098 (M.D. Fla. June 14, 2019).

Accordingly, Mr. Supple is entitled to attorneys' fees in the amount of $2,145.00 (7.8 hours at $275.00 per hour).

### C. Costs

Mr. Supple seeks $785.10 in costs. A plaintiff in an FLSA suit is entitled to reimbursement for the reasonable costs of the action. 29 U.S.C. § 216(b). Counsel has submitted an itemized list of expenses to support the award of $726.25 in costs. (Doc. # 24-5). These costs include $405.00 for the

13

filing fee, $6.10 for postage, $341.00 for the process server fees, $30.00 to search for Defendants' addresses, and $3.00 for copies. (Id.). Thus, Mr. Supple is entitled to reimbursement by Defendants in the amount of $785.10 for these reasonable costs.

### D. Post-Judgment Interest

Under the federal interest statute, interest is mandatory on any money judgment recovered in a district court. 28 U.S.C. § 1961. Furthermore, the interest is mandatory even where plaintiff fails to request the post-judgement interest. Am. Contractors Indem. Co. v. MD Constr. Services USA, Inc., No. 6:16-cv-00952-PGB-GJK, 2016 WL 11581679 (M.D. Fla. Dec. 8, 2016), report and recommendation adopted, No. 6:16-cv-00952-PGB-GJK, 2017 WL 11025405, at *4 (M.D. Fla. Jan. 4, 2017). Thus, Mr. Supple is entitled to post-judgment interest.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Hunter Supple's Motion for Final Judgment After Default as to Defendants Royal Pets Market & Resort Midtown, LLC and Denise Wolin (Doc. # 24) is **GRANTED** in part and **DENIED** in part.

(2) Defendants Royal Pets Market & Resort Midtown, LLC and Denise Wolin are in default, and the factual allegations in the Complaint (Doc. # 1) are deemed admitted by Defendants.

(3) Defendants are in violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

(4) Defendants are in breach of its employment contract with Mr. Supple.

(5) The Clerk is directed to enter default judgment in favor of Plaintiff Hunter Supple and against Defendants Royal Pets Market & Resort Midtown, LLC and Denise Wolin in the amount of $10,712.49, allocated as follows:

   a.  damages in the amount of $7,782.39;
   b.  attorneys' fees in the amount of $2,145.00;
   c.  costs in the amount of $785.10; and
   d.  post-judgment interest at the legal rate from the date of final judgment.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of May, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE